UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WILSON,

        Plaintiff,                 CIVIL ACTION NO. 06-CV-13111-DT

vs.

                                    DISTRICT JUDGE PAUL D. BORMAN

GENESEE, COUNTY OF         MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**  This Court recommends that Plaintiff's Motion for Summary Judgment filed on September 7, 2006 (docket no. 13) be DENIED WITHOUT PREJUDICE as premature.

**II.**    **REPORT:**

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (docket no. 13). Defendant has responded to the motion. (Docket no. 18). The matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

This is a civil action in which Plaintiff alleges that he was discriminated against in the hiring process. The Court's Practice Guidelines state that "[m]otions for summary judgment should not be filed with the Court until discovery has concluded, absent special circumstances to be specified in any premature motion." Practice Guidelines For Judge Paul D. Borman–Pretrial (E.D. Mich.) (available on the Court's website). Defendant points out in its Response that discovery is not complete in this case. (Docket no. 18 at 8). The scheduling order entered on August 29, 2006 set the close of discovery for

-1-

February 1, 2007. (Docket no. 12). Discovery is therefore not complete in this case. Plaintiff has failed to specify any special circumstances to justify the filing of this motion before discovery is complete. This motion should therefore be dismissed without prejudice as premature.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 27, 2006            s/ Mona K. Majzoub
                                                MONA K. MAJZOUB
                                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Anthony Wilson and Counsel of Record on this date.

Dated: October 27, 2006                      s/ Lisa C. Bartlett
                                                               Courtroom Deputy