**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ANTHONY WILSON,**

      **Plaintiff,**            **CIVIL ACTION NO. 06-CV-13111-DT**

vs.

                                 **DISTRICT JUDGE PAUL D. BORMAN**

**GENESEE COUNTY,**            **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION:** Plaintiff's Motion for Summary Judgment filed on February 6, 2007 (docket no. 33) and Defendant's Motion for Summary Judgment filed on February 14, 2007 (docket no. 34) should be **DENIED**.

**II.   REPORT:**

      *A.   Procedural History, Facts, and Claims*

This matter comes before the Court on cross motions for summary judgment.[1] Plaintiff filed his Motion for Summary Judgment on February 6, 2007. (Docket no. 33). Defendant filed its Motion for Summary Judgment on February 14, 2007. (Docket no. 34). Both parties have responded to the other's motion. (Docket nos. 36, 41). All pretrial matters have been referred to the undersigned for decision or for a recommendation. (Docket no. 35). The Court dispenses with oral argument on these motions. *See* E.D. Mich. LR 7.1(e). These matters are therefore ready for ruling pursuant to 28 U.S.C.

---

[1] In a separate Order entered contemporaneously with this Report and Recommendation this Court denies Plaintiff's Motion to Compel and grants Defendant's Motion for Protective Order. The parties do not contend that these pending discovery motions affect these motions for summary judgment. The Court therefore sees no need to further delay the decision on these summary judgment motions.

§ 636(b)(1)(B).

Plaintiff brings this action pursuant to 42 U.S.C. § 1981 alleging hiring discrimination based on race and disparate treatment. (Docket no. 1). He alleges that he is an African American who in April 2006 applied for and was qualified for the Licensing Enforcement Specialist position with Defendant. (*Id.*) He was not chosen for the temporary position. Plaintiff seeks front pay, costs, and damages as relief. (*Id.*) It is not disputed that while Plaintiff was not selected for this position, seven persons were hired. (Docket no. 34 at 12; docket no. 41 at 9). Two of these were African American, one was multi-racial, and the remaining four were Caucasian. (*Id.*)

    B.    *Standard of Review*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990).

    C.    *Analysis*

Plaintiff seeks relief under Section 1981 which prohibits racial discrimination in the making and enforcement of contracts. 42 U.S.C. § 1981. The *McDonnell Douglas* burden-shifting framework for Title

VII is used in cases brought pursuant to section 1981. *Patterson v. McLean Credit Union*, 491 U.S. 164, 186 (1989).

Because both of these motions must be analyzed under the same legal standard, the Court will consider the motions together rather than separately. In order to state a prima facie case of race discrimination by failing to hire under Title VII, the plaintiff must establish that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment decision; and (4) he was treated differently than similarly situated persons outside the protected class. *Thurman v. Yellow Freight Sys., Inc.,* 90 F.3d 1160, 1166 (6th Cir. 1996). Once a plaintiff has met his burden of production and has established a prima facie case of discrimination, the burden of production shifts to the defendant to establish a legitimate, nondiscriminatory reason for the employment decision. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973)). If the defendant carries this burden, the presumption raised by plaintiff's prima facie case drops from the case. The ultimate burden of persuasion remains with the plaintiff to prove that the employer's reasons were a pretext for discrimination and that the employer intended to discriminate on the basis of race. *Id.* One method of proving discrimination is for the plaintiff to show that the employer's explanation is unworthy of credence. *Id.* "The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511 (1993).

Defendant does not dispute that Plaintiff belongs to a protected class, that not receiving a job applied for is an adverse employment decision, and that Plaintiff was qualified for the position he sought. (Docket no. 36 at 16). Therefore, the first three prongs of the four-pronged test are not at issue. Defendant contends, however, that Plaintiff has not and cannot establish the fourth prong of the

test – that he was treated differently than similarly situated white applicants. (*Id.* at 17). Defendant's argument is that the affidavit of the County's Director of Human Resources, Mr. Witt, shows that Plaintiff's application documents were inadvertently misplaced after the initial receipt and review. (*Id.* at 16-17; ex. 1). Consequently, Mr. Witt states that when Human Resources personnel compiled a list of applicants qualified for the position from those successfully completing the initial screening for the oral interview, Plaintiff's name was not on the that list. (*Id.*, ex. 1). As a result, the personnel making the decision regarding which job candidates would be hired for the position would not have considered Plaintiff for the position because they did not know of Plaintiff's application for the position. (*Id.*) Mr. Witt further states that an applicant's race was not a factor in the decision process for filling any of the seven positions. (*Id.*)

The burden of establishing a prima facie case of discrimination is "not onerous." *Patterson,* 491 U.S. at 186. Plaintiff need only prove by a preponderance of the evidence, as to the fourth prong of the test, that after he was rejected for the position Defendant "either continued to seek applicants for the position, or as is alleged here, filled the position with a white employee." *Id.* at 186-87. Plaintiff argues that he has met his burden because the undisputed evidence is that at least one of the seven positions was filled by a white applicant. (Docket no. 41 at 9-10). The Court agrees. Defendant's contention that Plaintiff's application was misplaced is more appropriately considered as a legitimate, non-discriminatory reason for the employment decision. Accordingly, Plaintiff has made out a prima facie case of discrimination.

The burden of production now shifts to Defendant to establish a legitimate, non-discriminatory reason for its employment decision. *Thurman*, 90 F.3d at 1166. Defendant has stated its reason – Plaintiff's application materials were misplaced and not made available to the decision-making personnel. (Docket no. 34 at 12). By presenting this evidence in the form of Mr. Witt's affidavit,

Defendant has rebutted the presumption arising from Plaintiff's prima facie case. *Thurman*, 90 F.3d at 1166. The ultimate burden of persuasion rests with Plaintiff to show intentional discrimination. *Patterson*, 491 U.S. at 187.

Plaintiff seeks to carry his burden of persuasion by showing that Defendant's proffered legitimate reason is pretextual and that the true reason is racial discrimination. (Docket no. 41 at 10-14). He shows that Defendant argued for the first five months of this litigation that he was not selected for the position because other applicants were more suitable or more qualified. (*Id.* at 5-7). Plaintiff points to Defendant's Motion for Summary Judgment filed on February 14, 2007, which was the first time that Defendant argued that Plaintiff's application materials were misplaced and not considered by the hiring personnel. (*Id.*) Before this motion, Defendant's explanation for Plaintiff not being hired was that "other applicants were found to be more suitable for this temporary assignment." (Docket no. 33, attach. A, Letter of Director Witt to Plaintiff dated June 26, 2006). In its Answer dated August 25, 2006 Defendant stated as an affirmative defense that the decision not to hire Plaintiff "was due to his failure to satisfy the screening criteria for the position." (Docket no. 10, affirmative defense ¶ 5). Finally, the affidavits of Celeste D. Bell, a Senior Assistant Attorney for Genesee County, and Director Witt were attached to Defendant's Brief in Response to Plaintiff's Motion for Summary Judgment. (Docket no. 18). Both state that they undertook an investigation of the issues raised by Plaintiff in his Complaint. (*Id.* exs. 1, 2). Neither mention the fact that Plaintiff's application documents were misplaced. Bell's affidavit is dated October 2, 2006 and Witt's affidavit is dated the same day. (*Id.*) Witt in his affidavit recounts in detail the process that was used to fill the positions at issue. (*Id.*)

Plaintiff also seeks to establish that he was as qualified as or more qualified than the applicants who Defendant chose to fill the open positions. (Docket no. 41 at 12-14). He presents the application material and the job criteria screening sheets for himself and the other applicants who were selected for

the positions. (Docket no. 33, attach. H). The total scores for the applicants were for Plaintiff, 4 points; Applicant Page, 6 points; Applicant Snowden, 4 points; Applicant Walker, 6 points; Applicant Kondel, 8 points; Applicant Yost, 4 points; Applicant Taylor, 4 points; and Applicant Fox, 4 points. (*Id.*) The Court notes that it is not disputed that the screening criteria points did not mean that the individual would be hired for the position. (Docket no. 34, ex. 1 (affidavit of Director Witt)). The screening criteria was only step two of the process with the oral interview being the third step. (*Id.*)

The evidence presented on these motions for summary judgment shows that there is a genuine issue of material fact to be decided which precludes the granting of summary judgment for either party. This issue is whether Defendant's proffered reason that Plaintiff was not hired – because his application materials were inadvertently misplaced – is credible. Plaintiff is not entitled to summary judgment because the fact-finder could find that this was the true reason that Plaintiff was not selected, thus making it impossible for Plaintiff to prove that Defendant did not offer him the position because of intentional discrimination. On the other hand, the fact-finder could determine that Defendant fabricated this reason after abandoning its argument that Plaintiff was not selected because the other applicants were more suitable or qualified for the position, and that Defendant was attempting to hide intentional discrimination. As stated in *St. Mary's* and reiterated in *Thurman*, the fact-finder's disbelief of the reasons put forward by Defendant may, together with the elements of the prima facie case, suffice to show intentional discrimination. *St. Mary's*, 509 U.S. at 511. Accordingly, Defendant also is not entitled to summary judgment.

### III.     **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver

of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 04, 2007                s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: May 04, 2007                s/ Lisa C. Bartlett
                                   Courtroom Deputy