# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY WILSON,

        **Plaintiff,**                 **CIVIL ACTION NO. 06-CV-13111-DT**

vs.

                                      **DISTRICT JUDGE PAUL D. BORMAN**

GENESEE COUNTY,         **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendant.**

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on Plaintiff's Motion to Compel filed on October 30, 2006 (docket no. 25) and on Defendant's Motion for Protective Order filed on December 27, 2006 (docket no. 30). Defendant has responded to Plaintiff's Motion to Compel. (Docket no. 26). Plaintiff has not responded to Defendant's Motion for Protective Order. However, the time for responding has expired. Pretrial matters have been referred to the undersigned for decision. (Docket no. 35). The Court dispenses with oral argument on these motions pursuant to E.D. Mich. LR 7.1(e). These matters are therefore ready for ruling.

### 1. Plaintiff's Motion to Compel

Plaintiff seeks an order compelling Defendant to respond or respond more completely to his Request for Production of Documents. Defendant responded to the Request on October 17, 2006. Plaintiff contends that Defendant failed to provide complete responses to Request Nos. 1(e), (f), (g), (h), (i), (j), (k), (l), (m), (n), (o), (s), (t), and (u). (Docket no. 25 at 2). Plaintiff further contends that Defendant failed to respond to Request Nos. 2(cc), (dd), and (ee). (*Id.*). Plaintiff quotes from Fed. R. Civ. P. 11 in his motion. He also cites Fed. R. Civ. P. 34. Plaintiff fails to attach copies of the

discovery requests and responses at issue or provide verbatim recitations of his production requests and the responses.

Defendant responded to Plaintiff's motion. (Docket no. 26). It shows that this Court by Order entered on September 26, 2006 prohibited Plaintiff from discovering the social security numbers and driver license numbers of third parties. (Docket no. 17). Plaintiff's current Request Nos. 1(e), (f), and (g) are improper under that Order. They ask for the driver licenses, personal identification cards, and social security cards of third parties. (Docket no. 26, ex. 2). Defendant stated that it had no such documents in response to Request Nos. 1(h), (i), (j), (k), (n) and (o). (*Id.*) Defendant objected on relevancy grounds to Request Nos. 1(s), (t), and (u). These requests are for the third parties' IRS forms and worker's compensation insurance coverage forms. Request No. 1(l) asks for the third parties' college degree or diploma. Request No. 1(m) asks for criminal history information of the third parties. Defendant responded to these two requests by stating that it produced redacted versions of degrees or diplomas and that it could not reveal any criminal history information pursuant to statute.

Plaintiff's Request for Production No. 2 asks Defendant to provide certain documents from each employer which the person(s) hired for the license enforcement specialist has had during the last seven years. (Docket no. 26, ex. 2). Request No. 2(cc) asks for software training certificates. Request No. 2(dd) asks for job awards. Finally, Request No. 2(ee) asks for civil judgments. Defendant responded with a general objection and stated that any information requested in these subparts supplied to Defendant was in the application material which was produced to Plaintiff in response to Request No. 1. (*Id.*)

Plaintiff's Motion to Compel will be denied for several reasons. First, he failed to comply with E.D. Mich. LR 37.2 which requires that a copy of the discovery at issue or verbatim recitations

of the same be included in or attached to every discovery motion. Defendant's Response provides some information such as the requests that Plaintiff made. However, the Court cannot determine the full extent of Defendant's response to some of the requests because the documents that were produced are not revealed. Moreover, the Court finds that as to Plaintiff's Request for Production No. 1, Plaintiff has failed to show that any of Defendant's responses or objections are improper. Plaintiff has also failed to show that Defendant's responses to Plaintiff's Request No. 2(cc), (dd), or (ee) are improper.

Finally, it is clear that Plaintiff is not entitled to relief under Fed. R. Civ. P. 11 because he has not shown that he complied with the safe harbor provision of that rule. Rule 11(c)(1)(A) requires that such a motion first be served and then later filed with the Court if the offending material is not withdrawn or corrected. There is no evidence that Plaintiff complied with this provision. Absent compliance the motion cannot be granted. *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997). For all of these reasons, Plaintiff's Motion to Compel will be denied.

**2.     Defendant's Motion for Protective Order**

Defendant seeks a protective order pursuant to Fed. R. Civ. P. 26(c) to strike three separate Notice and Deposition Upon Written Questions served by Plaintiff on December 15, 2006 and December 18, 2006. (Docket no. 30, exs. 1, 2, 3).

The first set of deposition questions is directed to the persons hired for the License Enforcement Specialist Position and states that the person before whom the deposition is to be taken is F. Jack Witt III who is the Director of Human Resources for Genesee County, the Defendant.

The second set of deposition questions is directed to the Genesee County Human Resources Department and again states that the deposition will be taken before Director Witt.

The third set of deposition questions is directed to the persons hired for the License Enforcement Specialist Position and again states that the deposition will be taken before Director Witt. There is a small discrepancy in the Notice and the actual deposition questions because the Notice is directed to the persons hired but the questions are directed to the Human Resources Department.

Defendant objects based on Fed. R. Civ. P. 31(3) which sets out the requirements for stating who is to answer the deposition questions and before whom the questions are to be answered. Plaintiff names an employee of Defendant, its Director of Human Resources, as the officer before whom the written depositions are to be taken. This is improper. First, there is no showing that Plaintiff has obtained Director Witt's agreement to serve in this capacity. There is also no showing that he has the ability to administer oaths as required by Fed. R. Civ. P. 28(a). Finally, even if all these problems were resolved, Director Witt is still disqualified because he is an employee of Defendant and thus not a proper officer under Fed. R. Civ. P. 28(c). Defendant's Motion for Protective Order to strike these Deposition Notices will be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (docket no. 25) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Protective Order (docket no. 30) is **GRANTED**. The Notices and Depositions Upon Written Questions served by Plaintiff on December 15 and 18, 2006 are stricken and the persons to whom these Depositions are directed need not answer them.

**NOTICE TO PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: May 07, 2007　　　　　　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Anthony Wilson and Counsel of Record on this date.

Dated: May 07, 2007　　　　　　　　　　s/ Lisa C. Bartlett
　　　　　　　　　　　　　　　　　　　　Courtroom Deputy