**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ANTHONY WILSON,**

      **Plaintiff,**          **CIVIL ACTION NO. 06-CV-13111-DT**

vs.

                                  **DISTRICT JUDGE PAUL D. BORMAN**

**GENESEE COUNTY,**          **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendant.**
_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** Defendant's Motion for Summary Judgment filed on February 14, 2007 (docket no. 34), as supplemented by additional briefing filed on June 21, 2007, should be **GRANTED**, and this action should be dismissed.

**II.**     **REPORT**:

    *A.*     *Procedural History, Facts, and Claims*

This matter comes before the Court on remand from Judge Borman and is limited to considering whether Plaintiff's prior state court action on his ELCRA claim precludes his instant federal Title VII claims arising out of the same facts. (Docket no. 47 at 2). The parties have submitted supplemental briefing on this issue. (Docket nos. 49, 50, 51). Plaintiff submitted the transcript of oral argument in state court but does not argue against any of the specific contentions of Defendant regarding the preclusive effect of the state court order. (Docket no. 49). This issue is now ready for determination.

The state court records show that Plaintiff filed a Complaint under the Elliot-Larsen Civil Rights Act for hiring discrimination based on race and disparate treatment against Defendant Genesee County in the Circuit Court of Genesee County on November 15, 2006. (Docket no. 50, ex. C). Plaintiff

alleged in that Complaint that he was an African American who applied for the Licensing Enforcement Specialist position with the Genesee County Department of Human Resources. Plaintiff further alleged that despite being qualified he was rejected for the position. Plaintiff raised in Count I a claim of hiring discrimination based on his race and in Count II a claim of disparate treatment.

The state court held a hearing on the parties' cross motions for summary disposition on February 5, 2007. (Docket no. 49). After hearing from the parties, the state court granted the County's motion for summary disposition and denied Plaintiff's motion. (*Id.*) The state court found that Plaintiff's law degree did not show that he was more qualified for the position than those selected and that the County had proffered a legitimate, non-discriminatory reason for not hiring Plaintiff–either that the County lost Plaintiff's job application or that the people who were hired, including three African Americans and one person of mixed race, showed that Plaintiff was not discriminated against. (*Id.*) Plaintiff failed to establish that the County's proffered reason was a pretext. (*Id.*) Also, the state court found that Plaintiff's assertion that he was discriminated against because of his race lacked support in the record. (*Id.*) The state court's final order dismissing Plaintiff's action was filed on February 5, 2007. (Docket no. 59, ex. 9). The state court denied Plaintiff's Motion for Relief from Judgment on March 12, 2007. (*Id.* ex. 13). Defendant states that Plaintiff has appealed the Circuit Court's final order and that the appeal is now pending in the Michigan Court of Appeals. (Docket no. 50 at 7).

Plaintiff's federal Complaint is virtually identical to his state court Complaint with the exception that his federal action is brought pursuant to 42 U.S.C. § 1981 instead of the ELCRA. (Docket no. 1). The supporting facts that Plaintiff alleges are the same. Also, the enumerated counts are the same, *i.e.*, for hiring discrimination based on his race and for disparate treatment surrounding his non-hiring. (*Id.*)

    B.    *Standard of Review*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990).

"[W]hen asked to give preclusive effect to a prior state court judgment, a federal court must look to the law of the rendering state to determine whether and to what extent that prior judgment should receive preclusive effect in a federal action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). Under Michigan law, the doctrine of res judicata or claim preclusion requires that: (1) the prior action was decided on its merits; (2) the issues raised in the second case either were resolved in the first, or through the exercise of reasonable diligence, might have been raised and resolved in the first case; and (3) both actions involved the same parties or their privies. *Smith, Hinchman & Grylls, Assocs., Inc. v. Tassic*, 990 F.2d 256, 257-58 (6th Cir. 1993). Michigan courts apply the doctrine broadly, and claims are barred which arise out of the same transaction as a previously litigated action. *Schwartz v. City of Flint*, 466 N.W.2d 357, 359 (Mich. Ct. App. 1991).

    C.    *Analysis*

An action is decided "on the merits" when summary disposition is granted. *See Sherrell v. Bugaski*,

425 N.W.2d 707, 709 (Mich. Ct. App. 1988). Therefore, the final order of the Michigan circuit court granting summary disposition for Genesee County was a decision "on the merits." Although Plaintiff has apparently appealed this final order, the fact that an appeal is pending does not alter the preclusive effect of the order. *See Roscam Baking Co. v. Lanham Machinery Co.*, 105 F. Supp. 2d 751, 755 (W.D. Mich. 2000). Accordingly, the first element of res judicata is satisfied.

The issues raised in this action are the same as those Plaintiff raised in his state court action. As stated earlier, Plaintiff's Complaint in this action sets out the same claims, hiring discrimination based on race and disparate treatment, that Plaintiff raised in state court. The supporting facts are also the same. To the extent that there is any difference in the issues raised as a result of the allegation in this action of a section 1981 violation, this issue could have been raised and resolved in the state court action. Both actions beyond doubt arise out of the same transaction, namely Defendant's failure to hire Plaintiff. Therefore, the second element of res judicata is satisfied.

The third and final element is that both actions involve the same parties. That element is satisfied because the parties are identical in the two actions at issue.

For these reasons, res judicata bars this second action by Plaintiff based on the County's failure to hire him for the Licensing Enforcement Specialist position. Defendant's Motion for Summary Judgment should be granted.

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which

raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 13, 2007　　　　　　　　　　s/ Mona K. Majzoub  
　　　　　　　　　　　　　　　　　　　　MONA K. MAJZOUB  
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Anthony Wilson and Counsel of Record on this date.

Dated: August 13, 2007　　　　　　　　　　s/ Lisa C. Bartlett  
　　　　　　　　　　　　　　　　　　　　Courtroom Deputy