**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTHONY WILSON,

        Plaintiff,

-vs-

GENESEE COUNTY,

        Defendant.
_____/

CASE NO. 06-CV-13111

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**OPINION AND ORDER
(1) ADOPTING THE MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT &
RECOMMENDATION; AND (2) GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Before the Court are Plaintiff Anthony Wilson's ("Plaintiff") August 22, 2007 Objections to the Magistrate Judge's August 13, 2007 Supplemental Report and Recommendation granting Defendant Genesee County's ("Defendant") Motion for Summary Judgment. Having considered the entire record, and for the reasons that follow, the Court ADOPTS the Magistrate Judge's Supplemental Report and Recommendation, and GRANTS Defendant's Motion for Summary Judgment. (Doc. No. 34).

**I.    BACKGROUND**

The Magistrate Judge issued her original Report and Recommendation on May 4, 2007, which addressed the merits of Plaintiff's Title VII and 42 U.S.C. § 1981 claims. On June 8, 2007, this Court held that Report and Recommendation in abeyance and remanded the case to the Magistrate Judge to entertain supplemental briefing on whether Plaintiff's federal claims were precluded by the doctrine of res judicata or collateral estoppel. The Magistrate Judge issued

1

an Order Requiring Supplemental briefing from the parties on these issues on June 12, 2007. On June 14, 2007, Plaintiff filed the state court summary disposition transcript, but did not submit a brief containing substantive argument in accordance with the Magistrate Judge's Order. Defendant submitted its supplemental brief on June 21, 2007.

Plaintiff objects to the Magistrate Judge's Report and Recommendation, asserting that under res judicata principles, there exists a reason to doubt the "quality, extensiveness, or fairness of procedures followed in" the state court action. Plaintiff's primary argument is that Defendant's shifted their position five months into the litigation. Per Plaintiff, Defendant initially argued that Plaintiff was not as qualified as the successful candidates for the open job positions, but five months into the litigation, Defendant took the stance that it had actually misplaced Plaintiff's application. Plaintiff maintains that this fact calls into question Defendant's credibility, which precludes this Court from giving res judicata effect to the state court's decision.

## II. ANALYSIS

### A. Standard of Review

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1), this Court reviews *de novo* portions of a magistrate judge's report and recommendation on a dispositive motion to which a party has objected. Parties cannot raise arguments on objection to a report and recommendation that they did not bring before the magistrate judge. *Murr v. United States*, 200 F.3d 895, 901 n.1 (6th Cir. 2000).

### B. Defendant's Objections

As an initial matter, Plaintiff did not raise the arguments presented on Objection to the Magistrate Judge. Plaintiff chose not respond to the Magistrate Judge's Order to submit supplemental briefing on the res judicata issue – rather, Plaintiff simply submitted the state court summary disposition hearing transcript. It is neither the function of the Magistrate Judge, nor this Court, to comb through the evidentiary record to fashion Plaintiff's arguments. *United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993). Since Plaintiff did not raise this argument in response to the Magistrate Judge's supplemental briefing order, the Court cannot consider it on Objection. *Murr*, 200 F.3d at 901 n. 1.

Even if this Court were to consider Plaintiff's argument, it lacks merit. Defendant points out that Plaintiff had an opportunity to raise the issue of Defendant's purported misplacement of his application materials in the state court proceeding. The state court trial judge addressed that issue at the summary disposition hearing. (Tr. 2/5/2007, p. 54) (Doc. No. 49). Plaintiff has filed an appeal of the state trial judge's February 5, 2007 summary disposition order. *See Wilson v. Genesee County*, No. 276533 (Mich Ct. App. filed Mar. 1, 2007).

Plaintiff's Objection does not address the reasoning of the Magistrate Judge finding that the state court's grant of summary disposition on Plaintiff's ELCRA claims precluded him from asserting Title VII and § 1981 claims, arising out of the same facts and transaction. (Suppl. R&R 3-4).

The Court finds that the Magistrate Judge's reasoning on the issue of res judicata is sufficient to support granting Defendant's Motion for Summary Judgment.

### III.    CONCLUSION

The Court hereby:

(1) **ADOPT**S the Magistrate Judge's Supplemental Report and Recommendation; and

(2) **GRANTS** Defendant's Motion for Summary Judgment (Doc. No. 34).

**SO ORDERED.**


        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: August 31, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 31, 2007.


        s/Denise Goodine
        Case Manager